Brinkerhoff, J.
Nichols, the defendant below, was indicted in the common pleas of Muskingum county, under the twenty-fourth section of the act “providing for the punishment of crimes.” .
The indictment contained two counts; the first, for maliciously stabbing, with intent to kill, one Zachariah Riley; and the other, for maliciously stabbing, with intent to wound, the said Riley.
On the trial, the following bill of exceptions was taken and made part of the record:
“ Be it remembered, that on. the trial of this cause, * * * * evidence having been given tending to show that defendant was guilty in manner and form as he stood charged in and by the said indictment, the defendant, by his counsel, asked the court to charge the jury that they could not find him guilty under this indictment, save of an assault or an assault and battery, if in the opinion of the jury the facts were such that, had death ensued from the wound, the crime of the prisoner would have been manslaughter; which instruction the court refused to give to the jury; but the court did charge the jury that, although the defendant could not be convicted under the first count of this indictment, save of an assault or an assault and battery, if the crime would have been merely manslaughter, in the event of death, yet that they might find the defendant guilty under the second count of said indictment, although the crime would have been manslaughter in the event of death. And evidence having been further introduced tending to show that the defendant was intoxicated at the time of the commission of the alleged offense, the said defendant, by his counsel, further asked the court to charge the jury, that drunkenness of the accused at the. time of the commission of the alleged offense, is a circumstance propier to be submitted to the consideration of the j ury, and should have its just weight in determining the existence of the malicious intent charged; which instruction the court refused to give to the jury; but the court did charge the jury, that drunkenness of the accused was entitled to weight, as affecting the presumptions arising from the declarations of the accused as to his intent, made at and shortly after the time of the commission of the alleged offense. To all which refusals and charges the defendant excepted,” etc.
The defendant was found guilty, and sentenced to imprisonment in the penitentiary for the term of one year.
A motion is now made here for the allowance of a writ of error to reverse this sentence and judgment; and as the defendant below is now imprisoned in the penitentiary, and it is represented that he is unable to procure bail, we have, at the request of counsel on both sides, consented to *437 make a final disposition of the questions involved in the case, upon this application.
It is assigned for error, that the court below erred in refusing to charge the jury as requested by counsel for defendant below, and in charging the jury as it did charge.
1. The first question made by the bill of exceptions is this:
Can there be a rightful conviction under a count for maliciously stabbing with intent to wound, under such circumstances that, had death ensued, the crime would not have been murder either in the first or second degree, but would have been manslaughter only? ¥e are very clearly of the opinion that there may be, and that' the court below did not err in so holding.
In the crime of murder, both in the first and second degree, as defined by the statute of this state, the intent to kill is an essential ingredient. The killing must be “purposely” done. Now, if the charge which the court below was requested to give upon this point be correct, then there never can be a conviction for stabbing with intent to wound, unless the defendant is also guilty of stabbing with intent to kill. This would be, by construction, to render the two crimes identical; which is an absurdity.
But, it is said, the court below charged the jury that the defendant might be convicted under the second count, although, had death ensued, the crime would have been manslaughter only. That the stabbing with intent to wound must be malicious, but that our statutory definition of manslaughter excludes malice, and that, therefore, the court below erred.
The error of this argument is in the assumption that our statutory definition of manslaiighter necessarily excludes malice. Malice, under our statute, is not a necessary ingredient of manslaughter; but the act of maliciously killing, unintentionally, is manslaughter nevertheless. Although malice is not necessary to constitute the crime, yet the presence of the aggravating ingredient, malice, *438 does not, certainly, render the act less criminal than it would have been without malice.
2. Did the court below err in holding, as it did substantially, that, in a case of this kind, the intoxication of the accused had nothing to do with the question of malice?
This is a question much more serious and difficult than the preceding, and in respect to which our minds have not been free from doubt; but, after a long and somewhat anxious deliberation, we have unanimously come to the conclusion that there was no error in the charge of the court below on this point.
All the authorities agree that drunkenness is no excuse for crime. Crime, when all the acts of hand and mind which constitute it actually exist, is not the less criminal when committed by a person intoxicated. A drunken malice is as dangerous, and may be quite as wicked, as a sober malice; and it is a sorry consolation to a sufferer from a murderous stab, and to a community which is responsible for his protection, to be told that the act was done by a man who was bound in morals to keep sober, and who had the power to keep sober, but who' had become voluntarily drunk. Nevertheless, it has been held, in this state, that where a peculiar knowledge was. an element of the guilty act, requiring nice discrimination and judgment, as in passing a counterfeited bank bill, knowing it to be counterfeited, and where deliberation and premeditation are necessary ingredients of the crime, as in murder in the first degree, evidence of intoxication is admissible, and ‘ proper to be taken into consideration by the jury, in determining the question as to the guilty knowledge in the one case, and as to the deliberation and premeditation in the other. So, if the accused was so drunk as not to know what he was doing, the fact of intoxication may doubtless be given in evidence for what it is worth for the purpose of showing that he did not intend at the time to do what he in fact did do. Pigman v. The State, 14 Ohio Rep. 555. So far as we are advised, there *439 is no reported case in Ohio requiring us to go beyond this; and to this extent, on a fair construction of the language-of the court below in charging the jury, the prisoner, in the case before us, had the benefit of the evidence in regard to his state of intoxication. And this, too, seems to be the full extent to which we are led by the general current of authorities in other states. Com. v. Jones, 1 Leigh 612; Com. v. Haggerty, Lewis C. L. 403; Pirtle v. The State, 9 Humph. 664; Swan v. The State, 4 Humph. 136; Haile v. The State, 11 Humph. 154; 2 Parker’s (N. Y.) C. Rep. 223-235.
We will not say but that, admitting the correctness of these decisions, a refined and rigid logical theory might not require us to go further. But here the authorities authorize us to stop; and here we think a proper regard to the public safety in the practical administration of criminal justice requires that we should stop. This kind of evidence is at best, and in any case, of dangerous tendency in its practical application. Intoxication is easily simulated. It is often voluntarily induced for the sole purpose of nerving a wicked heart to the firmness requisite for the commission of a crime soberly premeditated, or as an excuse for such crime. Yet these pre-existing dispositions may be difficult or impossible to prove. And when we admit evidence of intoxication to rebut a guilty knowledge requiring nice discrimination and judgment, to rebut a charge of deliberation and premeditation, and to show that the accused did not at the time intend to do the act which he did do, we think we have gone far enough; and that, looking to the practical administration of the criminal law, a due regard to the public safety requires that the mere question of malice should be determined by the circumstances of the case, aside from the fact of .intoxication, as in other cases.

Motion overruled.

Swan, C. J., and Scott, Sutliee and Peck, JJ\, concurred.